IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS CONRAD CALLENDER<br>Petitioner | * | |
| v. | * | CIVIL ACTION NO. AMD-07-181 |
| DHS, et al.<br>Respondents | * | |
| | *** | |

MEMORANDUM

On January 17, 2007, the court received Curtis Conrad Callender's ("petitioner') 28 U.S.C. § 2254 petition for habeas corpus relief attacking his 2005 drug convictions in the Circuit Court for Frederick County.[1] Because he appears indigent, petitioner's motion to proceed in forma pauperis shall be granted.

According to the petition and attachments, in September 2005, a jury found petitioner guilty of possession of marijuana and drug paraphernalia. Paper No. 1 at Attachments. In November 2005, Judge Julie R. Stevenson Solt sentenced petitioner to a term of confinement, probation, and community service. *Id*. at 1-2 & Attachments. Petitioner neither sought a direct appeal nor collateral (post-conviction) review of his convictions. *Id*. at 2-4.

Petitioner seemingly raises the following grounds for federal habeas review: (1) ineffective assistance of counsel for the failure to raise grounds on convictions and on appeal; (2) ambiguous sentence; and (3) illegal sentence. *Id*. at 6. Petitioner also claims that due to his convictions the

---

[1] Petitioner seeks to grant another detainee "power of attorney" to receive his legal mail and to proceed with his petition due to his alleged imminent deportation. District Counsel for Immigration and Customs Enforcement has informed court personnel that petitioner was indeed removed on or about December 19, 2006. In light of the summary dismissal of this petition and petitioner's failure to project valid reasons, *e.g.,* competency or health, for honoring the "power of attorney" request, this court's opinion and order shall be mailed to petitioner at his last known address. "Courtesy copies" shall be provided to Nicholas BeHarry, P.O. Box 189, Snow Hill, Maryland 21863.

Department of Homeland Security ("DHS") has detained him for purposes of removal to his native Trinidad and Tobago. *Id*.

Before a petitioner seeks § 2254 federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §§ 2254(b) & (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). It affords the state courts the first opportunity to review federal constitutional challenges to state convictions and preserves their role in protecting federally guaranteed rights.

According to the petition none of the grounds raised here were presented to Maryland courts on direct appeal or post-conviction review. Therefore, the court finds that the matter is not subject to review at this time.[2] *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

For the above reason, the court shall dismiss this petition without prejudice for the failure to exhaust state court remedies.[3] An Order follows.

---

[2] Petitioner alleges that charges of removal filed by the DHS are based upon the 2005 convictions attacked here. Any habeas corpus challenge to his order of removal has been rendered moot by petitioner's deportation. In any event, this court is without subject matter jurisdiction to review such a matter under the Real ID Act of 2005 or "RIDA." *See Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006).

[3] Petitioner is cautioned that his filing of a federal habeas corpus petition is subject to the one-year statute of limitations found under 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that the limitation period shall

Filed: January 29, 2007

                                                   /s/
                                                 Andre M. Davis
                                                 United States District Judge

---

run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.